UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

Jerry Smith,

                Debtor.

----------------------------------------------------------x

7:23-CV-06513 (PMH)

[USBC-SDNY 22-B-22694 (CGM)]

**OPINION AND ORDER**

PHILIP M. HALPERN, District Judge:

    On July 14, 2023, Appellant, *pro se*, filed in this Court a notice of appeal from an order of the bankruptcy court which dismissed his adversary complaint. (Doc. 1). The Order appealed from is dated May 24, 2023. (*Id.*). On August 8, 2023, this Court directed Appellant to show cause why this appeal should not be dismissed under 28 U.S.C. § 158(c)(2) and Rule 8002(a) of Federal Rules of Bankruptcy Procedure ("FRBP") as untimely. (Doc. 4). Appellant, on September 5, 2023, filed a letter in which he contends good cause exists for his failure to timely file a notice of appeal. (Doc. 7). Appellant contends that despite the Order being filed on May 24, 2023, he did not receive notice of the Order's entry until July 4, 2023 when he "was given a copy of the decision by a clerk in the White Plains bankruptcy court." (*Id.*).

    FRBP 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "This time limit is jurisdictional and 'in the absence of a timely notice of appeal in the district court, the district court is wholly without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Abraham*, No. 21-CV-01628, 2021 WL 5597939, at *3 (S.D.N.Y. Nov. 30, 2021) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)). "*Pro se* status does not excuse a party from this jurisdictional requirement." *Id*.

    It is undisputed that Judge Morris' Order was entered on May 24, 2023. Under FRBP

8002, June 7, 2023 was the last day on which to file an appeal from the Order. Appellant's notice of appeal was not filed until July 14, 2023, well after the expiration of the applicable deadline. Therefore, on its face, Appellant's notice of appeal is untimely.

Although Appellant concedes that he failed to timely file his notice of appeal, he argues that "[t]he court's failure to notify the Pro Se Debtor of the May 24, 2023 decision is the only reason and cause why the Debtor failed to file a timely appeal[ ] and 28 U.S.C. § 158(c)(2) and FRBP 8002(a) should not be applicable." (Doc. 7). In other words, Appellant "believes that the fact that the Bankruptcy Court Clerk did not mail [him] notice immediately after the Order was entered somehow tolls the strict [14-]day time period. This is incorrect." *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987).

FRBP 9022(a), states, in relevant part, as follows:

> Immediately on the entry of a judgment or order the clerk shall serve a notice of entry in the manner provided in Rule 5(b) F.R.Civ.P. . . . . *Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.*

(emphasis added). "[W]hile notice is often provided for the convenience of the litigants, lack of notice of the entry of the order appealed from does not affect the time to appeal." *In re Spiegel, Inc.*, No. 03-bk-11540, 2007 WL 1080190, at *4 (Bankr. S.D.N.Y. Apr. 4, 2007), *aff'd*, 385 B.R. 35 (S.D.N.Y. 2008); *In re Seatrain Lines, Inc.*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995) ("Failure to serve a copy of a signed order, or to give notice of entry, does not extend the period during which an appeal may be filed."). "[T]he clerk's failure to mail notice of the order, pursuant to Rule 9022(a) has no effect on the running of time to file the notice of appeal." *Twins Roller Corp.*, 70 B.R. at 311. "Accordingly, to ensure timely appeal, a party must monitor the docket for the entry of an order it wishes to appeal." *In re Spiegel, Inc.*, 2007 WL 1080190, at

*4. Appellant offers no other reason for his failure to file a timely appeal.

Appellant also appears to seek to extend the time to file an appeal, referring to Rule 4(b)(6) of the Federal Rules of Appellate Procedure ("FRAP") and "FRBP 9002(a)." (Doc. 7). The Court assumes these are typographic errors, as neither provision concerns extension of the time to file an appeal—FRAP 4(b)(6) concerns entry of judgments and orders on criminal dockets, and FRBP 9002, which does not contain a subsection (a), concerns the meanings of words used in the FRBP. To the extent that Appellant seeks leave to extend the time to file an appeal under the applicable provision, FRBP 8002(d), the request is denied. FRBP 8002(d)(1) permits the Bankruptcy Court to extend the time to file a notice of appeal upon a party's motion filed within the 14-day period to file a notice of appeal or, within 21 days after that time, provided the party shows excusable neglect. Neither of those provisions are applicable here. Even if Appellant had complied with the time limits set forth in this rule, "[a]s a party has [an] independent duty [to monitor the docket for the entry of an order it wishes to appeal], 'a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect.'" *In re Spiegel, Inc.*, 2007 WL 1080190, at *4 (quoting *In re Hess*, 209 B.R. 79, 82 (B.A.P. 6th Cir. 1997)).

This Court is simply without jurisdiction to consider the appeal or enlarge the time for Appellant to file notice of appeal. The appeal is, therefore, dismissed.

The Clerk of Court is respectfully requested to close this case.

In the event that Appellant elects to proceed *in forma pauperis* on appeal from this Opinion & Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Dated: White Plains, New York
September 27, 2023

_____
Philip M. Halpern
United States District Judge